IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACK ANTHONY CHATMAN, TDCJ No. 2173980, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:20-cv-156-L-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Jack Anthony Chatman, a Texas prisoner, currently incarcerated pursuant to two 2017 Dallas County convictions (for aggravated robbery and aggravated assault with a deadly weapon), filed, in the Fort Worth Division of this district, a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254 (collaterally attacking all three of his 2017 Dallas County convictions, those under which he was incarcerated plus his discharged conviction for evading arrest). *See* Dkt. No. 1.

After Chatman's case was transferred to the Dallas Division, *see* Dkt. No. 7, it was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay.

The State filed a court-ordered response to the federal habeas petition. *See* Dkt. No. 10 & 20. And Chatman replied, *see* Dkt. Nos. 23 & 24, and moved for summary

judgment on his habeas claims, *see* Dkt. No. 25.[1]

The undersigned enters these findings of fact, conclusions of law, and recommendation (1) that, as to the conviction for evading arrest, the Court should dismiss the habeas application without prejudice for lack of subject matter jurisdiction; (2) that, as to the remaining convictions, the Court should dismiss the application without prejudice for Chatman's failure to exhaust state court remedies in a procedurally correct manner prior to filing a Section 2254 application; and (3) that the Court should deny Chatman's motion for summary judgment.

Chatman was convicted of aggravated robbery, aggravated assault with a deadly weapon, and evading arrest/detention enhanced, and, on December 15, 2017, he was sentenced to 15 years of imprisonment as to the first two convictions and two years of imprisonment as to the last, all to be served concurrently. *See State v. Chatman*, Nos. F17-20589-V, F17-20590-V, F17-52715-V (292nd Jud. Dist. Ct., Dallas Cnty., Tex.); Dkt. No. 20-1 at 3-15. The three judgments were affirmed on direct appeal. *See Chatman v. State*, Nos. 05-18-00020-CR, 05-18-00021-CR, 05-18-

---

[1] *See also Ndudzi v. Castro*, No. SA-20-CV-0492-JKP, 2020 WL 3317107, at *10 (W.D. Tex. June 18, 2020) (recognizing that, "'[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases'" but that the rule "'applies only to the extent that it does not conflict with the habeas rules'"; that "the summary judgment process may not result in a complete resolution of the habeas petition"; and that, "while motions for summary judgment may be used in the habeas context, their use may not be the most prudent way to address a habeas petition. Moreover, their use is expressly subject to the Court's discretion and direction provided in accordance with Habeas Rule 4." (quoting *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), then *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004); citations omitted)).

00022-CR, 2018 WL 6629531 (Tex. App. – Dallas Dec. 19, 2018, no pet.); Dkt. No. 20-1 at 16-33. And Chatman neither timely petitioned the Texas Court of Criminal Appeals ("CCA") for discretionary review nor sought state habeas relief. *See* Dkt. No. 20-3.

First, Chatman was no longer in custody as to his evading arrest conviction – which fully expired in March 2019, *see* Dkt. No. 20-2 – when he placed the Section 2254 petition in the prison mailing system on December 16, 2019, *see* Dkt. No. 1 at 10.[2] A federal court lacks subject matter jurisdiction to entertain a habeas petition if, at the time it is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *See* 28 U.S.C. § 2241(c); 28 U.S.C. § 2254(a); *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989). A prisoner need not be physically confined to be "in custody" for the purposes of habeas relief. But, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *see also Hendrix*, 888 F.2d at 337-38 (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement

---

[2] *See also* RULE 3(d), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing."); *Uranga v. Davis*, 893 F.3d 282, 286 (5th Cir. 2018) ("We reaffirm that the operative date of the prison mailbox rule remains the date the pleading is delivered to prison authorities.").

of Section 2254).

And, as to all three convictions, a petitioner must fully exhaust state court remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A); *Loynachan v. Davis*, 766 F. App'x 156, 159 (5th Cir. 2019) ("A federal court may not grant habeas relief unless the petitioner 'has exhausted the remedies available in the courts of the State.'" (quoting 28 U.S.C. § 2254(b)(1)(A)). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989).[3]

Texas prisoners must present their claims to the CCA in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). "A petitioner need merely press a claim through one of these avenues to exhaust that claim. [But, t]o exhaust a claim, it must also be presented in a procedural context in which state courts necessarily review the

---

[3] *See also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court procedures, and 'a desire to protect the state courts' role in the enforcement of federal law.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (quoting, in turn, *Rose v. Lundy*, 455 U.S. 509, 518 (1982)))); *Loynachan*, 766 F. App'x at 159 ("To determine whether a § 2254 petitioner has exhausted a claim, his federal claim should be compared with the claim he raised in state court 'It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made.' 'Rather, the petitioner must afford the state court a "fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim."' This reflects the fact in the habeas system, state courts are provided the first opportunity to assess the claim." (citations omitted)).

claim on the merits." *Loynachan*, 766 F. App'x at 159 (citations omitted).

Because Chatman failed to exhaust state court remedies in a procedurally correct manner prior to filing a Section 2254 application, the Court should dismiss his claims without prejudice as to the two convictions under which he was in custody when he filed the federal habeas petition. *See, e.g., Sam v. Louisiana*, 409 F. App'x 758, 763 (5th Cir. 2011) (per curiam) ("A federal district court may not adjudicate a habeas petition unless all claims in the petition are exhausted." (citing *Rhines v. Weber*, 544 U.S. 269, 274 (2005))).

## Recommendation

As to Petitioner Jack Anthony Chatman's conviction for evading arrest, the Court should dismiss the application for a writ of habeas corpus under 28 U.S.C. § 2254 without prejudice for lack of subject matter jurisdiction; as to Chatman's remaining convictions, the Court should dismiss the habeas application without prejudice for his failure to exhaust state court remedies in a procedurally correct manner prior to filing a Section 2254 application; and the Court should deny Chatman's motion for summary judgment.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 16, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE