UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VALTEX PROPERTIES LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-1992-B |
| | § | |
| CENTRAL MUTUAL INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

### ORDER TO SHOW CAUSE

On July 28, 2020, Plaintiff ValTex Properties, LLC filed this case in federal court, invoking the Court's diversity jurisdiction. *See* Doc. 1, Compl., ¶ 3; Doc. 4, Am. Compl., ¶ 3. But after reviewing the filings, the Court concludes that the parties' diversity of citizenship—and by extension, the Court's jurisdiction—is not so clear.

"'Federal courts are courts of limited jurisdiction.'" *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). Thus, courts "'must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.'" *Id.* And "if the record does not contain sufficient evidence to show that subject matter jurisdiction exists, [then] 'a federal court does not have jurisdiction over the case.'" *Id.*

Diversity jurisdiction requires complete diversity. *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). Complete diversity, in turn, "'requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" *Settlement Funding*, 851

- 1 -

F.3d at 536 (quoting *id.*). And "[a] party seeking to establish diversity jurisdiction must specifically allege the citizenship of *every member* of every LLC or partnership involved in a litigation." *Settlement Funding*, 851 F.3d at 536 (emphasis added); *see Antero Res. Corp. v. C&R Downhole Drilling, Inc.*, 2015 WL 13106330, at *1–2 (N.D. Tex. Dec. 9, 2015) (finding that a plaintiff's conclusory negative assertions—that defendant–LLCs' members were *not* citizens of certain states—were insufficient to support the court's exercise of diversity jurisdiction); *Nunez v. ACE Am. Ins. Co.*, 2017 WL 6997341, at *4 (M.D. La. Dec. 28, 2017), *report and recommendation adopted*, 2018 WL 493398 (M.D. La. Jan. 16, 2018) (requiring that the party seeking the federal forum describe the citizenship of each LLC–member distinctly and affirmatively).

Here, Plaintiff has not affirmatively alleged the citizenship of all of its members. Rather, Plaintiff states that it is "a limited liability company registered in and doing business as a citizen of Texas . . . ." Doc. 4, Am. Compl., ¶ 1; *see also id.* ¶ 3 (stating that plaintiff "is a citizen of Texas").

In the absence of allegations stating the citizenship of every member of Plaintiff, the Court cannot determine whether it has diversity jurisdiction over this case. The Court therefore **ORDERS** Plaintiff to **SHOW CAUSE** in writing no later than **Tuesday, August 11, 2020**, why this case should not be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

DATED: July 31, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE