IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JACK ANTHONY CHATMAN, TDCJ No. 2173980, §§§ | |
| Petitioner, § | |
| V. § | No. 3:20-cv-156-L-BN |
| DIRECTOR, TDCJ-CID, §§§ | |
| Respondent. § | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Court dismissed Petitioner Jack Anthony Chatman's *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254 without prejudice on July 31, 2020. *See* Dkt. Nos. 28 & 29. Although the Court denied Chatman a certificate of appealability the same day, *see* Dkt. No. 28, Chatman filed a notice of appeal, stamped as filed in the United States Court of Appeals for the Fifth Circuit on September 17, 2020, *see* Dkt. No. 30. But, because Chatman did not date his notice of appeal, the Fifth Circuit has remanded his case:

> A prisoner's pro se notice of appeal is timely filed if deposited in the institution's internal mail system on or before the last day for filing. *See* FED. R. APP. P. 4(c)(1). As it cannot be determined from the record in this case whether the petitioner delivered the notice of appeal to prison officials for mailing on or before August 31, 2020, the case must be remanded to the district court to make this determination. *See Thompson v. Montgomery*, 853 F.2d 287, 288 (5th Cir. 1988) (per curiam). Upon making this determination, the district court shall return the case to this court for further proceedings, or dismissal, as may be appropriate.

Dkt. No. 33.

And United States District Judge Sam A. Lindsay referred "this matter to the assigned United States Magistrate Judge to submit findings and recommendation to address the issue noted in the Fifth Circuit's remand order." Dkt. No. 34.

To facilitate the fact finding required by the remand order, the Court ordered Respondent to file verified portions of the applicable prisoner mail log, from July 15, 2020 through October 1, 2020, reflecting any outgoing mail deposited by Chatman and addressed either to the United States District Court for the Northern District of Texas or to the United States Court of Appeals for the Fifth Circuit. *See* Dkt. No. 35.

The Court extended Respondent's deadline to make this filing, *see* Dkt. Nos. 43 & 44, but, recognizing the limited scope of the Fifth Circuit's remand, the Court denied Chatman's requests to appoint counsel and for an evidentiary hearing, *see* Dkt. Nos. 36-41.

Respondent filed a verified administrative record on January 27, 2021. *See* Dkt. No. 46. This filing reflects that, from July 15, 2020 through October 1, 2020, Chatman deposited mail on July 23, 2020 (addressed to the district court); on August 12, 2020 (addressed to the district court); on August 21, 2020 (addressed to the Dallas County District Clerk); and on September 14, 2020 (addressed to the Fifth Circuit). *See id.* And prison officials delivered each to the United States Postal Service the same day that Chatman delivered the mail to prison officials. *See id.*

The July 23 entry plausibly relates to the objections Chatman filed to the undersigned's findings, conclusions, and recommendation as to the disposition of his habeas application, which objections the Court docketed on July 28, 2020. *See* Dkt.

No. 27. The August 12 entry does not correspond with a docket entry in this case or any other case that Chatman has filed in this district. But, given that the September 14 entry plausibly corresponds to the notice of appeal filed in the Fifth Circuit, the undersigned cannot find that the available record reflects that Chatman delivered the notice of appeal to prison officials on or before August 31, 2020.

The undersigned makes this finding in the context of the limited remand order. The issue for this Court to determine on remand is solely "whether the petitioner delivered the [undated] notice of appeal [stamped as filed on September 17, 2020] to prison officials for mailing on or before August 31, 2020." Dkt. No. 33 at 2; *compare id.*, *with*, *e.g.*, *Ewing v. Burke*, 792 F. App'x 340, 341 (5th Cir. 2020) (per curiam) ("This case is REMANDED to the district court for the limited purpose of making a determination whether Ewing's notice of appeal was otherwise timely under Federal Rule of Appellate Procedure 4(c)(1), and, if the district court determines that the appeal was untimely, whether the deadline for filing the notice of appeal is extended under Federal Rule of Appellate Procedure 4(a)(5).").

And the only record available to make this determination indicates that the notice of appeal was delivered to prison officials on September 14, 2020.

Chatman, moreover, fails to mention – in any of the multiple filings that he made in this Court since the Fifth Circuit's remand order – that he deposited mail addressed to this Court on August 12, 2020. *See* Dkt. Nos. 36, 38, 39, 40, 42, & 45.

## Recommendation

The Court should respond to the remand order by finding that the record

reflects that Petitioner Jack Anthony Chatman delivered the notice of appeal (stamped as filed in the United States Court of Appeals for the Fifth Circuit on September 17, 2020) to prison officials for mailing on September 14, 2020 and return this case to the Fifth Circuit.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 3, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE