IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JACK ANTHONY CHATMAN, TDCJ No. 2173980,** § § § | |
| Petitioner, § | |
| § | Civil Action No. **3:20-CV-156-L** |
| v. § | |
| § | |
| **DIRECTOR, TDCJ-CID,** § § | |
| Respondent. | |

# ORDER

On November 13, 2020, the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") remanded Petitioner Jack Chatman's ("Petitioner" or "Mr. Chatman") pro se notice of appeal to the Northern District of Texas for the limited purpose of determining whether Mr. Chatman timely filed his pro se notice of appeal and, upon making that determination, return the case to the Fifth Circuit (Doc. 33).

The clerk entered judgment on Mr. Chatman's habeas corpus case on July 31, 2020. The deadline to file an appeal was August 31, 2020, as the thirtieth day fell on August 30, 2020, which was a Sunday. Mr. Chatman's notice of appeal was not dated, although it was stamped as filed on September 17, 2020, which was seventeen days past the filing deadline. The Fifth Circuit instructed the district court to determine whether Mr. Chatman delivered his notice of appeal to prison officials for mailing on or before August 31, 2020.

The court referred the case to the magistrate judge on November 20, 2020. On February 3, 2021, United States Magistrate Judge David Horan entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 47), recommending that

the court find that the record reflects that Mr. Chatman delivered the notice of appeal to prison officials for mailing on September 14, 2020.

Mr. Chatman objects to the Report because he contends that his notice of appeal was "held" and "tampered with" by prison officials. He contends that multiple family members have not been receiving his mail and that he regularly receives mail later than he should. Further, Mr. Chatman argues that he should have been allowed counsel to contest this matter. The court disagrees, as this court's task was limited to that ordered by the Fifth Circuit. Moreover, this matter was resolved by request and review of Respondent TDCJ-CID's verified administrative record of Mr. Chatman's mail log during the applicable time period. This matter was not and did not warrant an adversarial proceeding requiring counsel. Additionally, while Mr. Chatman contends that he has "indisputable proof" that the mailroom fails to deliver mail to the U.S. Postal Service in a timely fashion, he did not present that proof and, instead, only offered conclusory and general statements in support of such proof. Mr. Chatman has not provided the court with sufficient evidence for the court to reasonably infer that prison officials tampered with or held his mail. The relevant inquiry is the date on which he submitted his appeal to prison officials to be mailed. In this regard, Mr. Chatman makes no affirmative statement as to the *actual date* he submitted his appeal to prison officials for mailing, although this is something that he could have easily provided.

Having reviewed the record, instructions from the Fifth Circuit, and conducted a de novo review of the Report to which Mr. Chatman objected, the court **determines** that the findings and conclusions of the Magistrate Judge are correct, **accepts** them as those of the court, and **overrules** Plaintiff's objection. Accordingly, as instructed, the court **directs** clerk of court to return this case to Fifth Circuit.

**It is so ordered** this 20th day of April, 2021.

                                                                        _____
                                                                        Sam A. Lindsay
                                                                        United States District Judge